REQUESTED BY: Senator Loran Schmit
Would the branching provisions of LB 877 which apply to savings and loan associations also apply to national banks?
No.
LB 877 proposes to amend portions of Neb.Rev.Stat. § 8-331 and 343 to expressly indicate that savings and loan associations may establish branches in and outside of Nebraska under specified conditions. In your request for an opinion, you ask whether those provisions that authorize branching of savings and loan associations would also be applied to national banks doing business in Nebraska or wishing to do business in Nebraska as a result of the holding in the case of Department of Banking and Consumer Finance v. Clarke, 809 F.2d 266 (5th Cir.) cert. denied, ___ U.S. ___,107 S.Ct. 3240, 7 L.Ed.2d 745 (1987). The decision in that case was rendered by the Court of Appeals for the Fifth Circuit that is headquartered in New Orleans, Louisiana. Because that decision was made by the Court of Appeals for the Fifth Circuit, it is not controlling on federal or state courts in Nebraska which might be faced with similar issues.
The Court of Appeals for the Eighth Circuit reached a decision in Dakota National Bank and Trust Company v. First National Bank and Trust Company of Fargo, 554 F.2d 345 (8th Cir.) cert. denied 434 U.S. 877 (1977), which appears to be directly contrary to the holding in the Department of Banking and Consumer Finance v. Clarke. In that case, the court decided that the ability of national banks to branch is restricted by the provisions of state law that control the branching of privately; owned state chartered banks. This decision was in part based upon the court's determination that the maintenance of competitive equality between state chartered and national banks is embodied in the McFadden Act, including 12 U.S.C. § 36(c).
Because the State of Nebraska is located within the jurisdiction of the Court of Appeals for the Eighth Circuit, the decision of the Eighth Circuit would be controlling on federal courts in Nebraska. Thus, it would appear that provisions applicable to state chartered savings and loans, which do not apply to state chartered banks, will not be applicable to national banks with offices in Nebraska. As a result, the decision in the Department of Banking and Consumer Finance v. Clarke, would not require the branching provisions of LB 877 which apply to savings and loan institutions to also be applied to national banks doing business in Nebraska or wishing to do business in Nebraska.
Sincerely,
ROBERT M. SPIRE Attorney General
LeRoy W. Sievers Assistant Attorney General